UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE ODEDOYIN )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>PIZZA HUT OF MARYLAND, INC, and )<br>JANE DOE, agent, servant and employee of )<br>Pizza Hut of Maryland, Inc., )<br> )<br>    Defendants. )<br> ) | Case No. AMD-04-CV-2104 |

### DEFENDANT PIZZA HUT OF MARYLAND, INC.'S ANSWER
### TO PLAINTIFF'S COMPLAINT IN CIVIL ACTION

NOW COMES Defendant PIZZA HUT OF MARYLAND, INC. (hereinafter "PHM" or "Defendant"), by and through its attorneys in this regard, Baker & McKenzie, and hereby files its Answer to Plaintiff LAWRENCE ODEDOYIN'S (hereinafter "Odedoyin" or "Plaintiff") Complaint in Civil Action (hereinafter "Complaint"). Defendant denies all allegations not specifically admitted herein.

In filing this pleading with the Court, Defendant does not waive, and explicitly reserves, the right in the event this matter or any part thereof is remanded to State Court to contest venue pursuant to, *inter alia*, Section 6-201 of the Code of Maryland.

### JURISDICTION

1. The jurisdiction of this Court is founded upon the Annotated Code of Maryland, §§ 5-1-501 and 5-103.

**ANSWER:** Defendant denies the allegations of paragraph 1 of the Complaint.

7193683

2. This action is brought by Plaintiff Lawrence Odedoyin, for damages against the defendant for false imprisonment, slander, assault, defamation per se, intentional infliction of emotional distress, negligent hiring, negligent supervision, and racial discrimination in private contractual transactions in violation of the thirteenth Amendment to the United States Constitution (42 U.S.C. section 1981).

**ANSWER:** Defendant admits that Plaintiff's Complaint purports to bring claims for relief pursuant to the identified provisions. Defendant denies that it or its agents have engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiff is entitled to any relief whatsoever.

3. Plaintiff have [sic] sustained, and will sustain in the future, significant damages as a result of defendant's conduct, including but not limited to humiliation, loss of self esteem, anxiety, embarrassment and emotional distress. Plaintiff seeks appropriate compensatory damages and because defendant's actions were so utterly outrageous, offensive and intolerable, plaintiff also seeks appropriate punitive damages.

**ANSWER:** Defendant denies the allegations of sentence one of paragraph 3 of the Complaint. With regard to sentence two of paragraph 3 of the Complaint, Defendant admits that Plaintiff's Complaint purports to bring claims for the identified relief, but Defendant denies that it or its agents have engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiff is entitled to any relief whatsoever.

## THE PARTIES

4. The Plaintiff Lawrence Odedoyin was at all times relevant to the claims herein, a black female citizen of the United States and a resident of the State of Maryland.

- 3 -

**ANSWER:** Defendant denies that Plaintiff is a female. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and therefore denies the allegations

5. The Defendant, Pizza Hut of Maryland, Inc., is a corporation operating [sic] chain restaurant serving pizza and other food products, organized and existing in the State Of Maryland. Upon information and belief, these stores are managed by a team of permanent Pizza Hut employees.

**ANSWER:** Defendant admits that it is a Maryland corporation operating restaurants that serve pizza and other food products and that it maintains an existence within the State of Maryland. Defendant denies the remaining allegations of paragraph 5 of the Complaint.

6. The Defendant, Jane Doe, is the agent, servant and employee of Pizza Hut of Maryland, Inc., and at all times relevant was acting in said capacity.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore denies the allegations

7. Between June 1, 2001 and June 19, 2001, Pizza Hut operated a [sic] chain pizza restaurants in the State of Maryland.

**ANSWER:** Defendant admits that it operated a Pizza Hut restaurant in the State of Maryland between June 1, 2001 and June 19, 2001. Defendant denies the remaining allegations of paragraph 7 of the Complaint.

## FACTS COMMON TO ALL COUNTS

8. On or about June 9, 2001 Plaintiff, along with his wife, mother-in-law, family friend and then six month old baby patronized the pizza hut restaurant located at 2614 Old Annapolis Road. The party was seated, served and consumed their meal. At the end of the meal Plaintiff requested the bill

and once presented with the bill, the Plaintiff and his party approached the front of the restaurant where the cashier was located in order to pay the bill.

**ANSWER:** Defendant admits that, on or about June 9, 2001, Plaintiff patronized Defendant's Pizza Hut restaurant located at 2614 Old Annapolis Road and that he was seated and served. Defendant further admits the allegations contained in sentence three of paragraph 8 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint and therefore denies the allegations.

9. Plaintiff presented the cashier with the bill for approximately $30.00 and gave her a $100.00 to pay for the meal. The cashier marked the $100.00 with a marker and immediately stated the $100.00 bill was fake. Plaintiff asked her why and she repeated it was fake. Plaintiff requested the return of the $100.00 but the cashier refused to return the money stating if she gave it back Plaintiff would just try to spend it with someone else. Plaintiff demanded to speak with the manager. The cashier stated she was the manager and pressed some sort of panic button. The cashier/manager stated she was going to call the police. Plaintiff had no option but to wait for the police to arrive.

**ANSWER:** Defendant admits the allegations contained in sentences one, two and three of paragraph 9 of the Complaint. Defendant admits that Plaintiff demanded that the cashier return the $100 bill to him, and she refused. Defendant admits the allegations of sentences five, six, seven and eight. Defendant denies the remaining allegations of paragraph 9 of the Complaint.

10. Approximately 10 minutes [sic] 3 uniformed and one plain clothes police officer arrived on the scene. The officers asked why the [sic] were summoned and the cashier/manager advised that Plaintiff had presented a counterfeit $100.00 bill to pay for his meal. The officers asked why she had pushed the panic button, if that was all. The cashier/manager admitted she did not know what to do.

The officers then stated in circumstances like this you are to call 911 not press the panic button. The cashier/manager responded that she did not trust anyone least of all black men because who knows what could have happened.

**ANSWER:**   Defendant admits that approximately 10 minutes after the cashier pushed the "panic button," three uniformed police officers arrived at the scene. Defendant admits the allegations of sentence two of paragraph 10 of the Complaint. Defendant further admits that the police officers asked why she had pushed the panic button. Defendant denies the remaining allegations of paragraph 10 of the Complaint.

11.   One of the officers took the bill and began to examine it and said it looked fine to him. A diner stood up and stated that she worked for a bank over 15 years and have seen [sic] counterfeit money before and examined the bill. After examining the bill she stated it was not counterfeit and the reason the pen did not show brown or black could be due to the number of hands the bill had passed through or grease or lotion on the hand. However, the Police officers took the bill and stated they would take the bill to their headquarters and check with the Secret Service.

**ANSWER:**   Defendant admits the allegations of sentence four of paragraph 11 of the Complaint. Defendant denies the remaining allegations of paragraph 11 of the Complaint.

12.   The entire incident occurred in the presence of numerous people who were patronizing the restaurant, along with Plaintiff's family and family friend, the majority of whom had stopped eating, with their mouths gaping watching what was going on.

**ANSWER:**   Defendant denies the allegations of paragraph 12 of the Complaint.

13.   Plaintiff and his family were humiliated and embarrassed.

**ANSWER:**   Defendant denies the allegations of paragraph 13 of the Complaint.

14. The Pizza Hut of Maryland, Inc., employee's actions with regards to this African-American man were stereotypical and racially motivated. It was encouraged by store management condoning the different treatment of African-American and white customers.

**ANSWER:** Defendant denies the allegations of paragraph 14 of the Complaint.

15. The Defendant's unjustified accusations, and harassment [sic] Plaintiff and his family, constituted a brutal assault on his character, mental health, and civil and constitutional rights. These actions were outrageous, wanton, mean spirited, racist and shock the conscience.

**ANSWER:** Defendant denies the allegations of paragraph 15 of the Complaint.

## COUNT V[1]
### (Defamation)

16. The facts alleged in paragraphs 1 to 15 are incorporated herein by reference.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. By engaging in the acts, omissions and misconduct described in paragraphs 1 to 15 of this Complaint, the Defendants [sic] statements were defamatory, slanderous, and slanderous per se.

**ANSWER:** Defendant denies the allegations of paragraph 17 of the Complaint.

18. The statements were defamatory and defamatory per se in tending to injure Plaintiff in his person, profession and employment, and further in impugning Plaintiff to be persons who are thieves and violators of the law [sic].

**ANSWER:** Defendant denies the allegations of paragraph 18 of the Complaint.

19. These false and defamatory statements were publicized by the Defendants to the entire restaurant to anyone within ear shot and sight of the Defendant's agents, servants and/or employees.

---

[1] The counts identified herein are numbered as they appear in Plaintiff's Complaint.

**ANSWER:** Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendants acted maliciously with knowledge of the falsity of the statements and with the intent to harm Plaintiff.

**ANSWER:** Defendant denies the allegations of paragraph 20 of the Complaint.

21. The Defendant, Jane Doe made the defamatory statements as Defendant Pizza Hut of Maryland, Inc., agents, servants and/or employees [sic] with its permission and knowledge.

**ANSWER:** Defendant denies the allegations of paragraph 21 of the Complaint.

22. As a result of the false and defamatory statements published by Defendants, the character and reputation of Plaintiff were harmed, his standing and reputation in the community was impaired, and he suffered mental anguish and personal humiliation.

**ANSWER:** Defendant denies the allegations of paragraph 22 of the Complaint.

## COUNT II
### (False Imprisonment)

23. The facts alleged in paragraphs 1 through 22 are incorporated by reference.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. By virtue of the false and illegal detention and kidnapping of the Plaintiff he was falsely, unlawfully and wrongfully, with force and without consent held against his liberty for the period of time when she [sic] was detained by the Defendants, and their agents, servants and/or employees.

**ANSWER:** Defendant denies the allegations of paragraph 24 of the Complaint.

25. Such action by the Defendants, and their agents, servants and/or employees caused the Plaintiff to be unlawfully deprived of his liberty to leave Pizza Hut while the Plaintiff was detained.

**ANSWER:** Defendant denies the allegations of paragraph 25 of the Complaint.

26. By reason of this illegal and false imprisonment and kidnapping, the Plaintiff suffered damages by being unlawfully held against his will for an extended period of time and, moreover, were [sic] prevented from transacting and going about their [sic] personal affairs.

**ANSWER:** Defendant denies the allegations of paragraph 26 of the Complaint.

## COUNT VI
### (Invasion of Privacy - False Light)

27. Plaintiffs incorporates by reference as if stated herein paragraphs 1-26.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Defendants [sic] Jane Doe, the agent, servant and/or employees [sic], knew Plaintiff did not pass a counterfeit bill and did not present a threat of harm to her or the patrons of Pizza Hut. Notwithstanding she published these false statements about the Plaintiff.

**ANSWER:** Defendant denies the allegations of paragraph 28 of the Complaint.

29. After Defendants published these statements, Plaintiff's reputation were [sic] harmed.

**ANSWER:** Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendants improperly publicized statements about the Plaintiff which placed him in a false light by attributing to him conduct and characteristics which were false.

**ANSWER:** Defendant denies the allegations of paragraph 30 of the Complaint.

31. The publication of these statements were [sic] highly offensive to a reasonable persons.

**ANSWER:** Defendant denies the allegations of paragraph 31 of the Complaint.

32. As a result of Defendants [sic] conduct, Plaintiff suffered damages.

**ANSWER:** Defendant denies the allegations of paragraph 32 of the Complaint.

## COUNT III
### (Intentional Infliction of Emotional Distress)

33.    Plaintiff hereby incorporates by reference all facts and allegations contained in paragraphs 1 through 33.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.    The Defendant [sic] conduct as is described in paragraphs 1 through 32 was extreme and outrageous and beyond the normal bounds of decency in society.

**ANSWER:**   Defendant denies the allegations of paragraph 34 of the Complaint.

35.    The conduct was malicious, willful, and intentional.

**ANSWER:**   Defendant denies the allegations of paragraph 35 of the Complaint.

36.    As a result of the aforesaid conduct and actions, the Plaintiff suffered, and will continue to suffer, severe and [sic] emotional distress.

**ANSWER:**   Defendant denies the allegations of paragraph 36 of the Complaint.

## COUNT VI
### (Negligent Hiring/Retention)

37.    The facts alleged in paragraphs 1 to 36 are incorporated herein by reference.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.    Defendant Jane Doe was unfit to serve as store cashier/manager and posed unreasonable risks of harm to those members of the public who would foreseeable [sic] come into contact with her, which Defendant, Pizza Hut of Maryland, Inc., knew or should have known. Defendant Jane Doe's actions caused Plaintiffs' injuries.

**ANSWER:** Defendant denies the allegations of paragraph 38 of the Complaint.

39. Pizza Hut of Maryland, Inc., [sic] employees were [sic] unfit to serve as a manager and employee and posed unreasonable risks of harm to those members of the public who would foreseeable [sic] come into contact with her, which Defendant, Pizza Hut of Maryland, Inc., knew or should have known.

**ANSWER:** Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendants [sic] Pizza Hut of Maryland, Inc., hiring and retention of Jane Doe as an employee was the proximate cause of Plaintiffs [sic] injuries.

**ANSWER:** Defendant denies the allegations of paragraph 40 of the Complaint.

41. As a direct and proximate result of Defendant's negligent hiring and retention of Jane Doe, the Plaintiff have [sic] suffered, and will continue to suffer, severe and [sic] emotional distress, embarrassment, humiliation, and loss of self-esteem.

**ANSWER:** Defendant denies the allegations of paragraph 41 of the Complaint.

### COUNT VII
### (Negligent Supervision)

42. The facts alleged in paragraphs 1 to 41 are incorporated herein by reference.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. Defendant owed a duty of care to the public to be free from physical assault, false imprisonment and defamation.

**ANSWER:** Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant breached their [sic] duty of care by failing to monitor and supervise its employee's activities and permitting conduct by their [sic] employee which are a violation of the Plaintiff's rights.

**ANSWER:** Defendant denies the allegations of paragraph 44 of the Complaint.

45. As a direct and proximate result of Defendant's negligent supervision of its employee, the Plaintiff have [sic] suffered, and will continue to suffer, severe and [sic] emotional distress, embarrassment, humiliation, and loss of self-esteem.

**ANSWER:** Defendant denies the allegations of paragraph 45 of the Complaint.

### COUNT IV
### (State Constitutional Claim - Violation of Article 24 and 26 of the Maryland Declaration of Rights)

46. The facts alleged in paragraphs 1 to 45 are incorporated herein by reference.

**ANSWER:** Defendant incorporates its answers to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. By engaging in the acts, omissions and misconduct described in paragraphs 1 to 15 of this Complaint, the Defendant violated the constitutional rights of the Plaintiff secured by the Bill of Rights.

**ANSWER:** Defendant denies the allegations of paragraph 47 of the Complaint.

48. As a direct and proximate consequence of said violations, the Plaintiff sustained serious personal injuries including physical and emotional pain and suffering and humiliation and embarrassment which they [sic] experienced and will continue to experience in the future.

**ANSWER:** Defendant denies the allegations of paragraph 48 of the Complaint.

49. In committing the said [sic] violations of Article 24 and 26 of the Maryland Declaration of Rights, the Defendant acted with actual malice toward the Plaintiff.

**ANSWER:** Defendant denies the allegations of paragraph 49 of the Complaint.

## SEPARATE AFFIRMATIVE DEFENSES

NOW COMES Defendant PIZZA HUT OF MARYLAND, INC. (hereinafter "PHM" or "Defendant"), by and through its attorneys in this regard, Baker & McKenzie, and hereby submits as its Affirmative Defenses the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to assert a cause of action under which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to support a cause of action upon which punitive damages may be awarded.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Defendant cannot be vicariously liable under the doctrine of respondeat superior for the actions or conduct of employees acting outside the scope of employment or in violation of established Company policies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, unreasonable, and groundless as against this Defendant, and accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in this action under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint is barred on the ground that every action taken by Defendant was justified and/or privileged as a matter of law.

Defendant reserves the right to assert any additional affirmative defenses as they may become known throughout the course of this action.

WHEREFORE, Defendant PIZZA HUT OF MARYLAND prays that Plaintiff LAWRENCE ODEDOYIN be denied any relief by way of his Complaint and that judgment be entered in favor of PIZZA HUT OF MARYLAND, INC. with an award of attorney's fees and costs.

Dated: July 16, 2004                      Respectfully submitted,

**BAKER & McKENZIE**
Attorneys for Pizza Hut of Maryland, Inc.

By:    /s/ Jennifer Ancona Semko
Marc B. Tucker (Bar No. 15495)
Jennifer Ancona Semko (Bar No. 15493)
815 Connecticut Ave., NW
Washington, D.C. 20006
(202) 452-7000

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2004, a copy of the foregoing Answer to Complaint, which was electronically filed in this case on the same date, was mailed via first-class mail, postage prepaid, to the following counsel of record:

Kim Parker, Esq.
Law Offices of Kim Parker, Esq.
2122 Maryland Ave.
Baltimore, MD 21218

/s/ Jennifer Ancona Semko